IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHRISTOPHER TUBBERVILLE                                                               PLAINTIFF

      v.                       CIVIL NO. 6:23-CV-06092-CDC

MARTIN O'MALLEY, Commissioner
Social Security Administration                                                         DEFENDANT

## ORDER

In this above-captioned case, Plaintiff appealed the Commissioner's denial of benefits to this Court. This case followed an earlier one – Civil No. 6:22-CV-06028 – which involved the same parties and was remanded to the Commissioner on August 30, 2022, via a Consent Motion to Remand. In this current matter and on February 6, 2024, the undersigned granted the Commissioner's unopposed Motion to Remand (ECF No. 16) and entered a judgment reversing and remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (ECF Nos. 18 & 19).

1. **Background**

On March 13, 2024, Plaintiff filed a motion seeking an award of $10,974.00 in legal fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"). (ECF No. 21). Defendant did not respond to the motion but on March 18, 2024, a Stipulation/Motion was filed wherein it was represented that the parties agreed Plaintiff should be awarded fees in the amount of $8,300.00 for work conducted between June 16, 2023, and March 7, 2024. (ECF No. 23).

The Court notes that, in the earlier case, Plaintiff was awarded attorneys' fees in the amount of $5,638.32 (and expenses in the amount of $24.92) for work completed between March 2, 2022, and November 1, 2022. The Court takes this award into consideration as will be illustrated below.

**2.     Applicable Law**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir. 1986) ("The [Commissioner] bears the burden of proving that its position in the administrative and judicial proceeding below was substantially justified."). An EAJA application must be made within thirty days of a final judgment in an action, *see* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty-day period for an appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhard,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refund[d] to the claimant the amount of the smaller fee." . . . "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting

2

unreasonable government action. *See id.; see also Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* U.S.C. § 2412(d)(2)(A). A court is authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id*. A court may determine that there has been an increase in the cost of living and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990). Pursuant to General Order 39,[1] which references the CPI- South Index, the Court has determined that an enhanced hourly rate based on a cost-of-living increase is appropriate.

3.  **Discussion**

In the present action, Plaintiff's case was remanded to the Social Security Administration. (ECF No. 19). Defendant does not object to Plaintiff's prevailing party status or substantial justification. Thus, the Court finds the Government's decision to deny benefits was not "substantially justified" and Plaintiff is the prevailing party.

Attorney rates are authorized by the EAJA so long as the CPI-South Index justifies this enhanced rate. *See* General Order 39; *see also* 28 U.S.C. § 2412(d)(2)(A) and *Johnson*, 919 F.2d

---

[1] Per General Order 39, the allowable rate for each year is as follows, and for simplicity's sake, the figure is rounded to the next dollar:

2023 – 288.205 x 125 divided by 152.4 (December 2022 CPI – South) = $236.39/hour ~ $236.
2024 – 298.754 x 125 divided by 152.4 (December 2023 CPI – South) = $245.04 ~ $245.

3

at 504.  Here, the Court finds the CPI-South Index authorized an hourly rate of $236 for attorney legal work conducted in 2023 and $245 for 2024.  The Court notes that Plaintiff's Motion claims all hours during 2023-2024 at the 2023 hourly rate of $236.

The hours claimed for compensation in Plaintiff's Motion – as well as the subsequent Stipulation – cause this Court concern which, in turn, prompted a more detailed review of Plaintiff's briefs, Exhibit As, and billing records in both matters.  While non-repetitious work clearly was required in Plaintiff's second case and the issues were modestly distinct, it is a matter of logic and common sense that a significant amount of work completed and compensated in the first case inured to benefit the second.  The billing records, however, are not reflective of any savings.  While Plaintiff claimed only 25.4 total hours in the first case, 46.5 total hours are claimed here.  In the current Motion, 14.2 hours are claimed for "reviewing" the transcript (which increased by 1,464 total pages) and the Angylde medical summary/abstract, 1.5 hours for reviewing the ERE submission, and 18.4 hours creating and editing the 13-page brief.  In the first case, the transcript (956 pages) and medical summary was reviewed in 5.9 hours and the brief created in 6.5 hours.

The Court presumes Plaintiff's billing prompted a conversation between Plaintiff's counsel and the Commissioner's counsel, and that conversation resulted in the filing of the Stipulation, whereby the parties agreed that $8,300 is the right amount of fees for this case.  While the undersigned is no fan of stipulations agreeing on the amount of EAJA fees to be awarded, the Court does view Plaintiff's Motion seeking an award of $10,974.00 as excessive.  The Court similarly believes that while the work of Plaintiff's legal team resulted in a second successful remand to the Commissioner, the sum of $8,300 – 35.16 hours at the hourly rate of $236 – is also excessive considering the circumstances and Plaintiff's procedural history.
.

The Court will **DENY** the parties' Stipulation (ECF No. 23) for attorneys' fees but will **GRANT** Plaintiff's Motion for Attorneys' Fees (ECF No. 21).  In granting the Motion, the Court finds that Plaintiff should be awarded attorneys' fees in the reduced sum of **$7,080.00** representing the value of 30.0 hours of reasonable and necessary legal work performed during 2023-2024 at the approved hourly rate of $236.  For clarification, this award reflects a reduction of 16.5 hours claimed by Plaintiff in his Motion.

Plaintiff's award of fees should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.  Pursuant to *Astrue v. Ratliff,* 130 S.Ct. 2521 (2010), the EAJA award must be awarded to the "prevailing party" or the litigant but may be mailed to Plaintiff's counsel.  The parties are reminded that the EAJA award herein will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, to prevent a double recovery by counsel for Plaintiff.

**IT IS SO ORDERED** this 28th day of March 2024.

*Christy Comstock*
_____
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE